1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9  SUSANNA CORONA,

         Plaintiff,

10

11       v.

12  CAROLYN W. COLVIN, Acting
    Commissioner of the Social Security
13  Administration,

14              Defendant.

CASE NO. 3:15-cv-05629 JRC

ORDER ON PLAINTIFF'S
CONTESTED MOTION FOR
ATTORNEY'S FEES PURSUANT
TO THE EQUAL ACCESS TO
JUSTICE ACT

15

16      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

17  Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

18  Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States

19  Magistrate Judge, Dkt. 6). This matter comes before the Court on plaintiff's contested

20  motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412

21  (hereinafter "EAJA") (*see* Dkt. 22, 23, 24; *see also* Dkt. 21).

22      Subsequent to plaintiff's success at obtaining a reversal of the decision of the

23  Social Security Administration, defendant Commissioner challenged plaintiff's request

24

for statutory attorney's fees on the grounds that the requested fees are unreasonable given the circumstances of this case (*see* Response, Dkt. 23, p. 1 (citing 28 § U.S.C. 2412(b))).

After considering and reviewing the record, including plaintiff's Application for Fees, and the attached time and expense sheet (*see* Dkt. 22), as well as the excellent results obtained by plaintiff's counsel, the Court concludes that plaintiff's fee request is reasonable (*see id.; see also* Reply, Dkt. 24). Simply because a few sentences were not entirely helpful does not render the number of hours expended unreasonable

Therefore, plaintiff's motion for fees and expenses should be granted pursuant to the EAJA in the amount of $7,206.98 in attorney's fees and $5.70 for expenses.

BACKGROUND and PROCEDURAL HISTORY

On July 20, 2016, this Court issued an Order reversing and remanding this matter for further consideration by the Administration (*see* Dkt. 19). The Court found that the ALJ erred when evaluating plaintiff's allegations and testimony (*see id.,* pp. 16-21). This matter was reversed pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration due to the harmful error in the evaluation of plaintiff's allegations and testimony (*see id.*).

Subsequently, plaintiff filed a motion for EAJA attorney's fees, to which defendant objected (*see* Dkts. 22, 23). Defendant asserts that the amount of hours expended are unreasonable (Dkt. 23, p. 1). Plaintiff filed a reply (*see* Dkt. 24).

STANDARD OF REVIEW

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other

ORDER ON PLAINTIFF'S CONTESTED MOTION
FOR ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT - 2

1  expenses . . . . unless the court finds that the position of the United States was

2  substantially justified or that special circumstances make an award unjust." 28 U.S.C. §

3  2412(d)(1)(A).

4      According to the United States Supreme Court, "the fee applicant bears the burden

5  of establishing entitlement to an award and documenting the appropriate hours

6  expended." *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). The government has the

7  burden of proving that its positions overall were substantially justified. *Hardisty v.*

8  *Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), cert. denied, 179 L.Ed.2d 1215, 2011

9  U.S. LEXIS 3726 (U.S. 2011) (citing *Flores v. Shalala,* 49 F.3d 562, 569-70 (9th Cir.

10  1995)).  Further, if the government disputes the reasonableness of the fee, then it also

11  "has a burden of rebuttal that requires submission of evidence to the district court

12  challenging the accuracy and reasonableness of the hours charged or the facts asserted by

13  the prevailing party in its submitted affidavits." *Gates v. Deukmejian,* 987 F.2d 1392,

14  1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review

15  the submitted itemized log of hours to determine the reasonableness of hours requested in

16  each case. *See Hensley, supra*, 461 U.S. at 433, 436-37.

17                                    DISCUSSION

18      In this matter, plaintiff clearly was the prevailing party because she received a

19  remand of the matter to the Administration for further consideration (*see* Order on

20  Complaint, Dkt. 19). In order to award a prevailing plaintiff attorney fees, the EAJA also

21  requires a finding that the position of the United States was not substantially justified. 28

22  U.S.C. § 2412(d)(1)(B).

The Court agrees that the government's position in this matter as a whole was not substantially justified. *See Guitierrez v. Barnhart*, 274 F.3d 1255, 1258-59 (9th Cir. 2001) (citations omitted).

The undersigned also concludes that no special circumstances make an award of attorney fees unjust. See 28 U.S.C. § 2412(d)(1)(A). Therefore, all that remains is to determine the amount of a reasonable fee. *See* 28 U.S.C. § 2412(b); *Hensley, supra,* 461 U.S. at 433, 436-37; *see also Roberts v. Astrue,* 2011 U.S. Dist. LEXIS 80907 (W.D. Wash. 2011), adopted by 2011 U.S. Dist. LEXIS 80913 (W.D. Wash. 2011).

Once the court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley, supra,* 461 U.S. at 429, 433 n.7. According to the U.S. Supreme Court, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley, supra,* 461 U.S. at 433. Defendant does not challenge the hourly rate (Dkt. 23, p. 1).

Here, plaintiff prevailed on the single claim of whether the denial of her social security application was based on substantial evidence in the record as a whole and not based on harmful legal error. When the case involves a "common core of facts or will be based on related legal theories  .  .  .  .  the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *See Hensley, supra,* 461 U.S. at 435.  The Supreme Court concluded that where a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.*

1       Because the Court concludes based on a review of the relevant evidence that the

2 plaintiff here obtained excellent results, the Court will look to "the hours reasonably

3 expended on the litigation," which, when combined with the reasonable hourly rate,

4 encompasses the lodestar. *See Hensley, supra,* 461 U.S. at 435. Other relevant factors

5 identified in *Johnson, supra,* 488 F.2d at 717-19, "usually are subsumed within the initial

6 calculation of hours reasonably expended at a reasonably hourly rate."[1] *See Hensley,*

7 *supra,* 461 U.S. at 434 n.9 (other citation omitted); *see also Kerr v. Screen Extras Guild,*

8 *Inc.,* 526 F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors); *Stevens v. Safeway,*

9 2008 U.S. Dist. LEXIS 17119 at *40-*41 (C.D. Cal. 2008) ("A court employing th[e

10 Hensley lodestar method of the hours reasonably expended multiplied by a reasonable

11 hourly rate] to determine the amount of an attorney's fees award does not directly

12 consider the multi-factor test developed in *Johnson, supra,* 488 F.2d at 717-19, and *Kerr,*

13 *supra,* 526 F.2d at 69-70"); *but see Goodwin v. Astrue,* 2012 U.S. Dist. LEXIS 97651 at

14 *10-*12, *14-*20 (W.D. Wash. 2012) (applying *Johnson* factors), adopted by 2012 U.S.

15 Dist. LEXIS 97650 (W.D. Wash. 2012).

---

[1] The *Johnson* factors are: (1) The time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson, supra*, 488 F.2d at 717-19) (citations omitted); *see also United States v.Guerette*, 2011 U.S. Dist. LEXIS 21457 at *4-*5 (D. Hi 2011) ("factors one through five have been subsumed" in the determination of a number of hours reasonably expended multiplied by a reasonable rate); *but see City of Burlington v. Dague*, 505 U.S. 557 (1992) (rejecting factor 6 of contingent nature of the fee).

ORDER ON PLAINTIFF'S CONTESTED MOTION
FOR ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT - 5

1    As defendant does not object to plaintiff's request for reimbursement for expenses

2    and does not object to plaintiff's requested hourly rate for his attorney's fees request, the

3    gravamen of defendant's contentions here concerns "the number of hours reasonably

4    expended on the litigation" (*see* Dkt. 23, p. 1). *See also Hensley, supra,* 461 U.S. at 433.

5    The Court has reviewed the facts of this case. *See Hensley, supra,* 461 U.S. at 429,

6    433 n.7 (once the court determines that a plaintiff is entitled to a reasonable fee, "the

7    amount of the fee, of course, must be determined on the facts of each case"). As noted in

8    the (second) declaration from plaintiff's attorney, in this case, as in multiple other

9    instances regarding fee petitions from this attorney, the attorney's brother, counselor

10   Noah Yanich, "a very experienced litigator," first "prepared a detailed summary of

11   [plaintiff's] file, with precise citations to the court transcript and with legal analysis"

12   (Dkt. 24, Attachment 1, p. 2). Subsequently, plaintiff's main attorney completed the

13   preparation of the opening brief (*id.*). Plaintiff's attorney declares that the time expended

14   by Noah Yanich on this case "did not duplicate any of my work, nor did my time

15   duplicate any of his work; the time he expended on the summary saved me from having

16   to expend that time preparing such a summary" (*id.*). Plaintiff's attorney points out that

17   he did not represent plaintiff at her administrative hearing, "and it therefore took some

18   extra time to review her file and brief her case" (*id.*).

19   However, defendant contends that the "joint effort resulted in a brief that recited

20   medical evidence from many medical sources without raising any substantive legal

21   errors" (Dkt. 23, p. 2 (citing Dkt. 11, pp. 3-7)). Defendant contends that many of the

22   hours expended therefore "were unnecessary and unreasonable" (*id.*).

ORDER ON PLAINTIFF'S CONTESTED MOTION
FOR ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT - 6

In this matter currently before the Court, the Court has reviewed the record, and has reviewed again plaintiff's Opening Brief and this Court's Order on plaintiff's complaint (*see* Dkts. 11, 19, 16). The Court also has considered defendant's argument presented here regarding the large amount of hours incurred preparing the Opening Brief (*see* Dkt. 23). Although defendant is correct that the number of hours incurred is somewhat large in this matter, the Court does not agree with defendant's argument that plaintiff included unnecessary or unhelpful arguments or summaries to the Court. In large part, plaintiff's summaries were connected to specific arguments regarding alleged errors (*see* Dkt. 11). For example, plaintiff's summary of the medical evidence supported her argument that "the medical findings from [plaintiff's] treating and examining physicians provide an objective evidentiary basis for [plaintiff's] testimony about her symptoms and limitations" (*see id*.). As noted previously, the Court concluded that the ALJ erred when failing to credit fully plaintiff's allegations and testimony, and reversed this matter on this basis (*see* Dkt. 19). The Court concludes that defendant's argument that plaintiff's summaries here resulted in unnecessary and unreasonable hours being incurred by plaintiff's attorneys is not persuasive.

The Court has considered the fact, noted by plaintiff, that it "takes time to carefully review a Social Security court transcript, to analyze the evidence, to determine which evidence should be included in a brief, and to summarize the evidence accurately, with citations to the record" (Dkt. 24, p. 3). The Court also notes plaintiff's statement in her attorney's declaration that "if the Commissioner had carefully reviewed this case after receiving [plaintiff's] Opening Brief and had then agreed to remand the case based upon

ORDER ON PLAINTIFF'S CONTESTED MOTION
FOR ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT - 7

1    the errors which the Commissioner now concedes were not substantially justified, I

2    would not have had to expend an additional 7.0 hours preparing a reply brief," noting that

3    "the Commissioner's choice to litigate rather than settle contributed significantly to the

4    amount of time that we expended in this case" (Dkt. 24-1, p. 3).

5        Regarding defendant's argument that the joint effort of plaintiff's two attorneys

6    resulted in many hours that "were unnecessary and unreasonable," (Dkt. 23, p. 2), the

7    Court notes plaintiff's citation to a Ninth Circuit case in which the Ninth Circuit indicated

8    that it is not the job of the court "to impose its own judgment regarding the best way to

9    operate a law firm  .  .  .  ." (Dkt. 24, p. 2 (quoting *Mareno v. City of Sacramento*, 534

10   F.3d 1106, 1115 (9th Cir. 2008))). As noted by plaintiff, according to the Supreme Court,

11   where a plaintiff "has obtained excellent results, his attorney should recover a fully

12   compensatory fee." *See Hensley, supra,* 461 U.S. at 435; *see also Costa v. Comm'r of*

13   *Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (questioning the usefulness of

14   reviewing the amount of time incurred in other cases to decide how much time an

15   attorney could reasonably spend on a particular case).

16       Defendant offers only one argument beyond the implied argument that simply

17   utilizing the services of multiple attorneys justifies a fee reduction or makes the hours

18   expended unreasonable. Defendant contends that plaintiff's Opening Brief included a

19   recitation of "medical evidence from many medical sources without raising any

20   substantive legal errors, and a recitation of plaintiff's testimony, some of which was not

21   clearly related to an accompanying argument" (Dkt. 23, p. 2 (citing Dkt. 11, pp. 3-7, 10-

ORDER ON PLAINTIFF'S CONTESTED MOTION
FOR ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT - 8

1  13)). Defendant's argument has some merit; however, the unhelpful inclusion of some

2  evidence and testimony does not render the number of hours unreasonable.

3      It is not the job of the Court "to impose its own judgment regarding the best way

4  to operate a law firm  . . . ." and it is not the job of the Court to impose its own

5  judgment regarding the best way to make a legal argument. *Mareno*, 534 F.3d at 1115.

6  Although there were recitations here and there that the Court did not find particularly

7  helpful, and this practice does tend to bury the quality arguments in minutia, the evidence

8  presented therein nevertheless supports plaintiff's arguments.

9      As noted, if the government disputes the reasonableness of the fee, then it "has a

10 burden of rebuttal that requires submission of evidence to the district court challenging

11 the accuracy and reasonableness of the hours charged or the facts asserted by the

12 prevailing party in its submitted affidavits." *See Gates v. Deukmejian,* 987 F.2d 1392,

13 1397-98 (9th Cir. 1992) (citations omitted).

14

15     The Court notes that plaintiff's attorney did not represent plaintiff at her

16 administrative hearing and agrees with the statement in the attorney's (second)

17 declaration that "it therefore took some extra time to review her file and brief her case"

18 (Dkt. 24-1, p. 2). The Court also notes the declaration from plaintiff's attorney that the

19 fee request includes "a true and accurate itemization of the time and expenses actually

20 expended in Federal Court on the most recent Federal Court proceedings which resulted

21 in a Sentence 4 remand," (Dkt. 22-2, p. 1). As plaintiff's attorney "has obtained excellent

22 results, his attorney should recover a fully compensatory fee." *Hensley, supra,* 461 U.S.

23 at 435.

24

Finally, the Court has considered the statement in the declaration from plaintiff's attorney that the "time [he] expended in this case is the amount of time that in [his] professional judgment [he] found necessary to present [his] client's case effectively" (*id.*).  As cited by plaintiff, according to the Ninth Circuit, "[by] and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have had he been more of a slacker" (Dkt. 24, p. 5 (citing *Mareno*, 534 F.3d at 1112)).

Given the facts and circumstances of the matter herein, and based on plaintiff's briefing and his petition for fees, with the itemized time expenditures included, the Court concludes that the time incurred by plaintiff's attorney in this matter is reasonable. *See Hensley, supra,* 461 U.S. at 435.

Specifically, following a review of plaintiff's request, the Court finds reasonable plaintiff's request for expenses in the amount of $5.70 and for attorney's fees in the amount of $7,206.98.

<u>CONCLUSION</u>

Plaintiff's request for $5.70 in expenses is granted.

Plaintiff is awarded $7,206.98 in attorney's fees, pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010).

Plaintiff's award is subject to any offset allowed pursuant to the Department of Treasury's Offset Program. *See id.* at 2528. If it is determined that plaintiff's EAJA fees are not subject to any offset, the check for EAJA fees shall be made payable to plaintiff's counsel, either by direct deposit or by check payable to Eitan Kassel Yanich, Esq., based

1  on plaintiff's assignment of these amounts to plaintiff's attorney (*see* Dkt. 21). The

2  checks for EAJA fees and expenses shall be mailed to plaintiff's counsel at Law Offices

3  of Eitan Kassel Yanich PLLC, 203 Fourth Avenue E, Suite, 321, Olympia, WA 98501.

4          Dated this 27th day of December, 2016.

5

6                                                          J. Richard Creatura
                                                           United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24